IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:07-cr-0178-B |
| | § | |
| GABRIEL BURIMAN (3), | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Gabriel Buriman has filed a Motion to Reconsider Restitution
(ECF No. 787). For the following reasons, the Court should DENY Buriman's
Motion.

On October 10, 2007, Buriman pleaded guilty to one count of conspiracy to
commit mail fraud and healthcare fraud, in violation of 18 U.S.C. § 1349 (18 U.S.C.
§§ 1341 and 1347), for his role in a scheme to defraud insurance companies by
staging automobile accidents. On April 1, 2008, the District Court sentenced
Buriman to 28 months' imprisonment.  The District Court also entered judgment
against Buriman and ordered him to pay (joint and several with the other
defendants) restitution in the amount of $159,212.82 to the insurance company
victims, as required by the Mandatory Victim Restitution Act of 1996 (MVRA), 18
U.S.C. §§ 3663A-3664. More than 13 years later, on April 19, 2021, Buriman filed
his Motion to Reconsider Restitution.

By his Motion, Buriman appears to ask the Court to intervene on his behalf and force the government to accept only a portion of the proceeds he anticipates receiving from the sale of certain real property (the "Property"). Mot. 2 (ECF No. 787). Specifically, he proposes:

a.    Property is selling for $95,000
B.    after clossig [sic] and taxes ballance [sic] is $85[,]000
C.    25,000 to government
D.    42,500 to wife
E.    17,500 to me[.] I paid $19,000 for this property in 2001 by not going in [sic] my honeymoon not to say 20 years of taxes.

*Id.* That is, Buriman concedes that he still owes restitution, but he proposes the government should accept only a fraction of anticipated proceeds from the sale of the Property in satisfaction of his obligation.

The government opposes Buriman's motion because there is no statutory basis for the Court to reconsider or modify the restitution order and because the government is entitled to collect the entire amount of the sale proceeds in satisfaction of the restitution amount. Resp. 2-5 (ECF No. 791).

The MVRA "requires a sentencing court to order restitution for a victim's 'actual loss directly and proximately caused by the defendant's offense of conviction.'" *United States v. McKenzie*, 550 F. App'x 221, 225 (5th Cir. 2013) (per curiam) (quoting *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012)); *see also* 18 U.S.C. § 3663A. "It 'serves the dual purposes of ensuring that criminals pay full restitution to their victims for all damages caused as a result of the crime and providing those who suffer the consequences of crime with some means of

recouping the personal and financial losses.'" *United States v. Rooney*, 2014 WL 3865974, at *2 (N.D. Tex. Aug. 6, 2014) (Fitzwater, J.) (quoting *United States v. Edward D. Jones & Co.*, 2011 WL 7025905, at *1 (E.D. Tex. Dec. 21, 2011) (citations omitted)).

"Once the sentencing judge imposes a defendant's sentence, the district court has limited authority to revisit that sentence, and its authority must derive from a specific statute or rule." *Id.* at *3 (quoting *United States v. Fromm*, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014)). "A restitution order, like the other components of a criminal sentence, is a final judgment, and it can be modified postjudgment only under limited circumstances." *Id.* (quoting *Fromm*, 2014 WL 2864710, at *2). Section 3664(o) makes clear that a restitution order may only be altered: (1) to correct a clerical error; (2) to appeal the sentence as improperly applied; or (3) in order to alter the restitution payment schedule. *See* 18 U.S.C. § 3664(o). "This list is exhaustive." *United States v. Toney*, 2018 WL 4896342, at *1 (E.D. La. Oct. 9, 2018) (citing *United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015) (noting "every Circuit Court to consider this issue has indicated that a district court may only modify a mandatory restitution order through one of the means specified in Section 3664(o).").

Buriman fails to identify any circumstance that would permit the Court to modify the order of restitution here. He does not ask the Court to correct a clerical error; he is not seeking to appeal his sentence; and he has not asked for an alteration of his payment schedule.

Even if the Court construed Buriman's motion as a request to alter the restitution payment schedule, he has not shown he is entitled to any relief in this case. Under § 3664(k), a defendant who is ordered to pay restitution may notify the court "of any material change in [his] economic circumstances that might affect [his] ability to pay restitution," and "[u]pon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). But "[n]either subsection (k)[,] nor any other provision of § 3664, . . . authorizes a reduction in the *amount* of restitution ordered[.]" *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) (emphasis added)); *see also United States v. Mandel*, 179 F. App'x 965, 966-67 (7th Cir. 2006) ("[Section 3664(k)] permits a defendant to seek a revised payment schedule, but not a reduced obligation."); *United States v. Pascucci*, 2009 WL 1726341, at *3 (S.D.N.Y. June 18, 2009) ("Although 18 U.S.C. § 3664(k) permits courts to adjust the payment schedule or require immediate payment in full, it does not permit courts to eliminate or reduce the restitution obligation"). And as more than one court in this district has observed, § 3664(k) "provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial payment." *Rooney*, 2014 WL 3865974, at *3 (quoting *United States v. Maestrelli*, 156 F. App'x 144, 146 (11th Cir. 2005)) (per curiam); *cf. United States v. Taut*, 2020 WL 4808700, at *2 (N.D. Tex. May 15, 2020), *rec. adopted*, 2020 WL 4784715 (N.D. Tex. Aug. 17, 2020) (denying defendant's request to forgive a portion of his

4

restitution obligation upon payment of lump sum representing proceeds from sale of his home).

A federal lien arose and was statutorily imposed on all of Buriman's property for collection of the outstanding restitution pursuant to 18 U.S.C. § 3613(c). Resp. 4 (ECF No. 791). Since the lien attaches to all of Buriman's property, the United States is entitled to collect all of the proceeds from the sale of the Property in satisfaction of the restitution amount. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985). In Texas, this includes the defendant's separate property and sole-management community property; all joint-management community property, including a non-debtor spouse's undivided one-half interest in such property; and a defendant's one-half interest in his spouse's sole management community property. *See United States v. Loftis*, 607 F.3d 173, 176-79 (5th Cir. 2010) (citing *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989)).  The government's lien encompasses all of Buriman's property, and to the extent that the Property is his homestead, there is no homestead exemption.  *See United States v. Pegg*, 2016 WL 5234616, at *2 (S.D. Fla. Sept. 22, 2016) (noting "[t]ax liens trump state property rights, even when those rights are held by entirety.") (citing *In re Sinnreich*, 391 F.3d 1295, 1297-98 (11th Cir. 2004)).

Buriman still owes restitution, which the government is obligated to collect. The government cannot release its lien or negotiate to accept less that 100% of the

outstanding restitution amount from the sale of the Property. Accordingly, the

Court should DENY Buriman's Motion to Reconsider Restitution (ECF No. 787).

Signed August 17, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).